**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Strouse,<br><br>  Petitioner,<br><br>vs.<br><br>J.T. Shartle,<br><br>  Respondent. | No. CV 14-2170-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is James Strouse's third amended petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  (Doc. 20)  Strouse challenges three separate disciplinary proceedings.

The respondent, J.T. Shartle, filed an answer opposing the petition on October 7, 2015.  (Doc. 27)  Strouse filed a reply on October 22, 2015.  (Doc. 29)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for Report and Recommendation.  The petition should be denied on the merits.

Summary of the Case

Strouse is currently incarcerated at the Federal Correctional Institution (FCI) in Tucson, Arizona.  (Doc. 27, p. 1)  At the time of the disciplinary incidents at issue here, he was an inmate in the FCI in Petersburg, Virginia.  *Id*., p. 2.

Claim 1: Incident 2542232

On January 21, 2014, Special Investigative Supervisor (SIS) Technician Bernardo received an inmate request from Strouse that was "insolent" and profane and contained "threats directed toward staff." (Doc. 27-3, p. 73) Strouse accused staff of stealing his property and stated "I will deal with that officer when I'm out [of SHU] . . . (Eye for Eye)." (Doc. 27-3, pp. 73, 80)

Strouse was charged with "Threatening Another Person with Bodily Harm; Insolence." (Doc. 27-3, p. 72) He was given notice of the charge on January 27, 2014. *Id*. Strouse denied the accusation stating that the "Eye for an Eye" statement referred to "taking him to court." (Doc. 27-3, p. 78) The matter was referred to a Disciplinary Hearing Officer (DHO). *Id*.

A hearing was conducted on February 5, 2014. (Doc. 27-3, p. 72) DHO W. Bennett found Strouse committed the act as charged. *Id*., p. 73. Bennett based her decision on the fact that Strouse admitted he sent the message and that Officer Bernardo subjectively felt threatened. *Id*. She noted Strouse's argument that he was being charged only because he previously filed a civil case against SIS Bernardo. *Id*. Strouse was sanctioned with a loss of 27 days of good conduct time, 30 days of disciplinary segregation (suspended pending 180 days of clear conduct), a 6-month loss of E-Mail, and a 2-month loss of commissary access. *Id*., p. 74.

Claim 2:  Incident 2532816

On January 2, 2014, C. Knapp heard a loud noise in the kitchen area and found Strouse "grabbing and striking the upper torso of inmate X." (Doc. 27-3, p. 133) "Both inmates were swinging with closed fist[s] and grasping the other with alternating hands." *Id*. Strouse stated he "only acted in self-defense and did not start [the] fight." *Id*. The incident was referred to a DHO based on the severity of the incident. *Id*.

Strouse was charged with "Fighting with Another Person." (Doc. 27-3, p. 127) He was given notice of the charge on January 2, 2014. *Id*. A hearing was conducted on February 5, 2014. *Id*. Strouse stated, "I'm not guilty because I defended myself." *Id*. He further

1 explained: "He got in my face, then I grabbed him and put a military whooping on him." *Id*. "I lost my senses, I just lost it." *Id*.

DHO W. Bennett found Strouse committed the act charged based on the written statement of C. Knapp, food service supervisor. (Doc. 27-3, p. 128) Strouse was sanctioned to a loss of 14 days good conduct time and 30 days disciplinary segregation (suspended pending 180 days of clear conduct). *Id*.

Claim 3: Incident 2553224

On February 12, 2014, Strouse sent a letter to U.S. Probation in Sherman, Texas that contained abusive and obscene language. (Doc. 27-3, pp. 158, 162-63) The letter stated in part, "I will use deadly force if I am forced onto probation after release, I will beat your asses if you come around me." *Id*. Strouse stated, "I was not on my medicine at that time, and I don't remember writing the letter." (Doc. 27-3, p. 158) The incident was referred to the DHO. *Id*.

Strouse was charged with, among other things, "Threatening Another Person with Bodily Harm." (Doc. 27-3, p. 153) A hearing was conducted on March 6, 2014. *Id*. DHO W. Bennett found Strouse committed the offense based on the written statement of J. Negron, SIA (Special Investigative Agent). *Id*., p. 154. Bennett discounted Strouse's claim that he did not remember writing the letter after consulting with the psychology department which believed Strouse was competent. *Id*. Strouse was sanctioned to the loss of 27 days of good conduct time, 30 days of disciplinary segregation (suspended pending 180 days of clear conduct), and a 3-month loss of commissary access. *Id*., p. 155.

Procedural History

In his third amended petition, Strouse argues his rights to due process and equal protection were violated in the three disciplinary incidents. (Doc. 20) In Claim (1) regarding incident 2542232, Strouse argues (a) DHO Bennett should have been recused because he has a lawsuit pending against her, (b) the DHO's report was delivered 3 ½ months after the hearing rather than the 15 work days allowed in Program Statement 5270.09, and (c) his administrative

- 3 -

1 appeal was delayed resulting in his further appeals being time-barred. *Id*. In Claim (2)
2 regarding incident 2532816, Strouse argues (a) he presented two witnesses to support his self-
3 defense argument, (b) the DHO report was delivered seven weeks after the hearing instead of
4 the 15 days allowed, (c) DHO Bennett refused to recuse herself because she is named in a
5 pending lawsuit, and (d) his administrative appeal was delayed resulting in his further appeals
6 being time-barred. *Id*. In Claim (3) regarding incident 2553224, Strouse argues (a) DHO
7 Bennett refused to recuse herself because she is named in a pending lawsuit, (b) the DHO
8 report was delivered 12 weeks after the hearing rather than the 15 days allowed, (c) prison
9 officials impeded his access to the courts, and (d) his administrative appeal was delayed
10 resulting in his further appeals being time-barred.

11 The respondent filed an answer on October 7, 2015 arguing Claim (2) and Claim (3)
12 should be dismissed for failure to exhaust administrative remedies. (Doc. 27) In the alternative,
13 all claims should be denied on the merits. *Id*. Strouse filed a reply on October 22, 2015. (Doc.
14 29) The court finds that the petition should be denied on the merits. The court expresses no
15 opinion on the respondent's alternative arguments.

Discussion

18 "Lawful imprisonment necessarily makes unavailable many rights and privileges of the
19 ordinary citizen." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Nevertheless, prisoners do
20 retain some constitutional rights concerning the procedures for administering prison discipline.
21 *Id*. These rights are not as extensive as those due a defendant in a criminal proceeding, but they
22 are not negligible. *Id*.

23 "Due process in a prison disciplinary hearing is satisfied if the inmate receives written
24 notice of the charges, and a statement of the evidence relied on by the prison officials and the
25 reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987), *cert.
26 denied*, 487 U.S. 1207 (1988). "The inmate has a limited right to call witnesses and to present
27 documentary evidence when permitting him to do so would not unduly threaten institutional
28 safety and goals." *Id.*

1   The final decision to revoke good time credits must be based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. If so, then due process is satisfied. *Id.* The court need not examine the entire record, independently assess the credibility of the witnesses, or weigh the evidence. *Id.* at 455.

Strouse argues in Claims 1(a), 2(c), and 3(a) that his due process rights were violated because DHO Bennett refused to recuse herself because she is named in a pending lawsuit.

Under the due process clause, a prisoner is entitled to a "sufficiently impartial" decision maker. *Wolff v. McDonnell*, 418 U.S. 539, 571, 94 S. Ct. 2963, 2982 (1974).

In this case, however, Strouse provides no evidence that DHO Bennett was biased other than the fact that he has named her as a defendant in a separate civil lawsuit. By itself, this allegation is insufficient to prove actual bias, and there are legitimate policy reasons for requiring such proof. Civil lawsuits by prisoners are not uncommon. "Requiring each staff member who is the subject of a separate lawsuit to disqualify [herself] from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). "Additionally, prisoners may file many lawsuits naming multiple defendants." *Id*. "If every named defendant in a prisoners' rights lawsuit must be disqualified from sitting on the [disciplinary] Committee, such a litigation strategy would vest too much control in a prisoner to determine the Committee make-up." *Id*. Without specific evidence showing that DHO Bennett is actually biased, Strouse's bare allegation is insufficient to establish a due process violation.

In Claims 1(b), 2(b), and 3(b), Strouse argues he did not receive the DHO's report until after the 15 days allowed in the regulations. He argues this delay violates BOP regulations and therefore violates due process. Strouse is incorrect. A violation of the BOP's regulations, by itself, does not violate due process. *See Brown v. McGrew*, 2013 WL 6512948, at *5 (C.D. Cal. 2013) ("Thus, even if Petitioner did not receive the report within 15 workdays of the DHO's decision, his constitutional rights were not violated by the alleged delay."); *Armstrong v.*

*Warden of USP Atwater*, 2011 WL 2553266, 8 (E.D.Cal. 2011) ("[A] violation of a BOP regulation, without more, does not rise to the level of a due process violation.").

In Claims 1(c), 2(d), and 3(d), Strouse argues there was a delay in the adjudication of his BP-10 administrative appeals and therefore his subsequent appeals were time-barred. The court finds Strouse's allegations are unsupported by the record.

Federal regulations grant prisoners a four-level administrative appeal process. First, the aggrieved prisoner should raise his issue informally with BOP staff. 28 C.F.R. §§ 542.13, 14. If he does not get relief, he may raise his issue formally with the Warden using a BP-9 form. 28 C.F.R. § 542.14. If he is still unsatisfied, he may appeal his issue to the Regional Director using a BP-10 form, which should be submitted within 20 days of the date that the Warden signed the denial. 28 C.F.R. § 542.15. An appeal from the Regional Director's decision should be submitted to the General Counsel on a BP-11 form "within 30 calendar days of the date the Regional Director signed the response." *Id*.

The regulations, however, state that appeals may be filed late if there is a valid reason for the delay. 28 C.F.R. §§ 542.14(b), 542.15(a). Accordingly, any delay in the adjudication or delivery of the BP-10 decisions should not have caused Strouse's subsequent appeals to be time-barred.

The record indicates that Strouse did file a BP-11 in connection with Claim 1. (Doc. 27, pp. 12-13); (Doc. 27-1, pp. 2-3) The appeal has not yet been adjudicated so it is unclear why Strouse believes it is time-barred. *Id*.

Strouse filed a BP-10 in connection with Claim 2, but he did not file a BP-11. *Id*. He might have assumed that the BP-11 was time-barred, but the General Counsel never said it was.

Strouse did not appeal the DHO's decision in connection with Claim 3. *Id*.

The record does not support Strouse's allegation that there was a delay in the adjudication of his BP-10 administrative appeals and therefore his subsequent appeals were time-barred. These claims should be denied.

In Claim 2(a), Strouse states that he presented two witnesses at the disciplinary hearing. It appears that Strouse is arguing that the evidence presented at the hearing supported his

assertion that he was acting in self-defense, and the decision of the DHO was not supported by a preponderance of the evidence.  Assuming all of Strouse's allegations are true, due process still was not violated.

The final decision of the DHO need not be supported by a preponderance of the evidence.  It is enough, for due process purposes, that the decision was based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455-56.  If so, then due process is satisfied.  *Id.*

Here, the decision of the DHO was supported by the written statement of C. Knapp, food service supervisor, who saw Strouse fighting with another inmate.  (Doc. 27-3, p. 128)  Some evidence supported the decision, due process was satisfied.

Finally, in Claim 3(c) Strouse argues that prison officials impeded his access to the courts.  He does not further explain what impediments were placed in his way.

Assuming there were impediments, Strouse has not explained how he has been prejudiced.  The court notes that he has successfully raised his claims before this court.  No prejudice is therefore evident, and his due process claim should be denied.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the third amended petition on the merits.  (Doc. 20)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection.  They do not permit a reply to a response.

DATED this 6th day of November, 2015.



Leslie A. Bowman
United States Magistrate Judge