**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Strouse,<br><br>                Petitioner,<br><br>v.<br><br>Charles Samuels, et al.,<br><br>                Respondents. | No. CV-14-02170-TUC-RCC<br><br>**ORDER** |

      Pending before the Court is a Report and Recommendation ("R & R") written by Magistrate Judge Leslie Bowman. Doc. 32. Magistrate Judge Bowman recommends that the Court denies Petitioner James Strouse's third amended petition on the merits. Strouse filed an objection to the R & R. Doc. 33 and Respondent J.T. Shartle filed a response. Doc. 34. For the foregoing reasons, the Court shall overrule the objections and adopt the R & R.

**I. Standard of Review**

      The duties of the district court, when reviewing a R & R of a Magistrate Judge, are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140 (1985). However, in the

absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**II. Background**

The factual background in this case is thoroughly detailed in Magistrate Judge Bowman's R & R. This Court fully incorporates by reference the Summary of the Case and Discussion sections of the R & R into this Order. Strouse, who is currently incarcerated at the Federal Correctional Institution ("FCI") in Tucson, Arizona, challenges three separate disciplinary proceedings that occurred while he was an inmate at the FCI in Petersburg, Virginia.

**III. Discussion**

In his objections to the R & R, Strouse does not raise new issues. Rather, he reargues the grounds considered and rejected by Magistrate Judge Bowman. Specifically, Strouse argues that he did not receive sufficient due process safeguards during his disciplinary proceedings because: (1) prison staff did not recuse themselves from his hearing even though they were named defendants in a pending law suit that Strouse initiated and (2) he attempted to exhaust his administrative remedies.

With respect to the first claim, prison staff are not required to recuse themselves from a disciplinary hearing solely because they are a named defendant in a pending lawsuit filed by the Petitioner. "Requiring each staff member who is the subject of a separate lawsuit to disqualify [themselves] from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). "If every named defendant in a prisoners' rights lawsuit must be disqualified from sitting on the [disciplinary] Committee, such a litigation strategy would vest too much control in a prisoner to determine the Committee make-up." *Id.* As Magistrate Judge Bowman notes, Strouse's bare allegation is insufficient to establish a due process violation without specific evidence demonstrating that the Disciplinary

Hearing Officer was actually biased. Further, it is sufficient for due process purposes that the disciplinary hearing decisions were based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Here, there is sufficient evidence that due process was satisfied.

Strouse's second claim also fails. Strouse admits that he failed to exhaust his administrative remedies and did not attempt to file a late appeal pursuant to 28 C.F.R. §§ 542.14(b), 542.15(a).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Bowman's Report and Recommendation is **adopted**. Petitioner Strouse's third amended petition is **denied**. Doc. 32.

**IT IS FURTHER ORDERED** that Petitioner Strouse's objections are **overruled.** Doc. 33.

Dated this 21st day of March, 2016.

Raner C. Collins
Chief United States District Judge